**WO**  JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Arriaga, | No. CV 05-0401-PHX-NVW (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

By Order filed October 14, 2005, the Court required Plaintiff to file a First Amended Complaint within 30 days or the action would be dismissed (Doc. # 5). Plaintiff filed a Motion for Appointment of Attorney and a Motion for Enlargement of Time to File Amended Complaint (Doc. # 6). The Court will deny the Motion for Appointment of Attorney and grant the Motion for Enlargement of Time to File Amended Complaint.

**A.     Procedural Background**

On February 2, 2005 Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 concerning medical care at the Towers and Madison Jails in Phoenix, Arizona (Doc. # 1). Shortly thereafter, Plaintiff was transferred to the Barchey Unit of the Arizona State Prison in Buckeye, Arizona (Doc. # 3). On October 14, 2005, the Court issued orders granting Plaintiff's application to proceed *in forma pauperis* and dismissing the Complaint for failure to state claim (Doc. # 5). The Court provided Plaintiff 30 days to file an amended complaint

**JDDL**

or a judgment of dismissal with prejudice would be entered. On November 14, 2005, Plaintiff filed a Motion for Appointment of Attorney and a Motion for Enlargement of Time to File Amended Complaint (Doc. # 6).

**B.** **Motion for Appointment of Attorney**

In his Motion for Appointment of Attorney Plaintiff states that the Court's Order dismissing the Complaint cited seven published opinions from the Ninth Circuit Court of Appeals to which Plaintiff does not have access. Consequently, Plaintiff argues that he is unable to fully comprehend the reasons for the dismissal and how to cure the deficiencies in his Complaint. Plaintiff attempted to use the assistance of a paralegal made available by the Arizona Department of Corrections, however, the paralegal did not provide any instruction or suggestion as to how Plaintiff should proceed.

There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

Prisoner's have a constitutional right of access to the courts. See Leis v. Casey, 518 U.S. 343, 346 (1996); Bradley v. Hall, 64 F.3d 1276 (9th Cir. 1995). The right, however, "guarantees no particular methodology but rather the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356-57. Moreover, the right of access to the courts is only a right to bring complaints to the federal

**JDDL**

- 2 -

1 court and not a right to discover such claims or to litigate them effectively once filed with
2 a court. See id. at 354-55; Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).

3     The Court should not advise the litigant how to cure the defects in a Complaint.
4 "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler
5 v. Ford, 542 U.S. 225, 231 (2004). Yet, "[t]his court recognizes that it has a duty to ensure
6 that pro se litigants do not lose their right to a hearing on the merits of their claim due to
7 ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dep't, 901 F.2d
8 696, 699 (9th Cir. 1990). Accordingly, in its Order of October 14, 2005 the Court explained
9 the reasons why Plaintiff's named Defendants were improper. The Court also discussed the
10 requirements when naming defendants in either their individual or official capacities.

11     *Pro se* pleadings are to be liberally construed, particularly in civil rights cases, Ferdik
12 v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); See Eldridge v. Block, 832 F.2d 1132,
13 1137 (9th Cir. 1987). It is unnecessary, therefore, for Plaintiff to cite case law to support his
14 claims; he need only provide factual allegations to demonstrate that he suffered a specific
15 injury as a result of the specific conduct of a defendant, and show an affirmative link between
16 the injury and that conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Moreover,
17 the Motion for Appointment of Attorney and Motion for Enlargement of Time to File
18 Amended Complaint display Plaintiff's ability to articulate his arguments *pro se*, thus, it does
19 not currently appear that exceptional circumstances are present that would require the
20 appointment of counsel. Accordingly, Plaintiff's Motion for Appointment of Counsel will
21 be denied.

22 **C.**    **Motion for Enlargement of Time to File Amended Complaint**

23     Plaintiff has also filed a Motion for Enlargement of Time to File Amended Complaint
24 seeking an additional 30 days to file his amended complaint. The Court will grant the
25 extension and require Plaintiff to file his First Amended Complaint within 30 days from the
26 date of this Order.

27 //
28 //

D.     **Rule 41 Warning of Possible Dismissal**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Appointment of Attorney (Doc. # 6) is **denied** without prejudice;

(2) Plaintiff's Motion for Enlargement of Time to File Amended Complaint (Doc. # 6) is **granted**, and Plaintiff must file a First Amended Complaint within **30 days** from the date of this Order.

DATED this 17th day of November, 2005.

*[signature]*
Neil V. Wake
United States District Judge